**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 7 |
| LESSNO, LLC, | : Case No. 09-44979 (ESS) |
| Debtor. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER AUTHORIZING THE RETENTION OF SQUIRE SANDERS (US) LLP AND SQUIRE SANDERS (UK) LLP AS SPECIAL LITIGATION AND INTELLECTUAL PROPERTY COUNSEL TO THE TRUSTEE**

Upon the application of Robert L. Geltzer, Esq., Chapter 7 Trustee (the "Trustee") of the debtor Lessno, LLC (the "Debtor"), dated January 23, 2012, and the accompanying declaration of Robert A. Wolf, Esq., dated January 23, 2012 ("the "Wolf Declaration"), seeking the entry of an order pursuant to § 327 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention of Squire Sanders (US) LLP and Squire Sanders (UK) LLP (together, "Squire Sanders") as Special Litigation and Intellectual Property Counsel to the Trustee (the "Application")[1]; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157 (b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been given to the Office of the United States Trustee; and it appearing that no other or further notice need be given; and after due deliberation it being determined that the relief requested is necessary to the administration of this estate, and this Court being satisfied that Squire Sanders (a) does not hold or represent any interest adverse

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

NEWYORK/147429.2

to the Trustee, the Debtor, its creditors or the estate with respect to the matters upon which it is to be retained; (b) is "disinterested" within the meaning of § 101(14) of the Bankruptcy Code; and (c) that its employment is necessary and would be in the best interest of the estate; it is

**ORDERED** that the Trustee be, and he hereby is, authorized to retain Squire Sanders as his Special Litigation and Intellectual Property Counsel pursuant to § 327 of the Bankruptcy Code and Bankruptcy Rule 2014(a), as of November 18, 2011, to perform services of Special Litigation and Intellectual Property Counsel to the Trustee with respect to the following matters: (a) to represent the interests of the Debtor's estate in the Intellectual Property Case; (b) if a global resolution of the case is reached, to negotiate the written terms of same and to be involved in the drafting of any settlement and attendant motion documents; (c) if such a global resolution is not reached and/or the Trustee deems it appropriate, (i) to take a Bankruptcy Rule 2004 examination(s) of the Debtor's principal(s) for the purposes, among others, of investigating the accuracy of the Debtor's schedules, to ascertain the nature and value of the Debtor's assets, and to inquire into any other matters affecting the Debtor's financial condition and the administration of the estate, (ii) to take any other Bankruptcy Rule 2004 examination, as the Trustee may deem appropriate and as this Court approves, of any individuals or entities, to further investigate the foregoing matters, (iii) to commence and/or prosecute any adversary proceedings which the Trustee may deem appropriate for Squire Sanders to pursue; and (d) to provide such other litigation-related services and intellectual property-related services that the Trustee may request and direct Squire Sanders to perform; and it further

**ORDERED** that Squire Sanders will be compensated for services it provides upon the filing of a proper application therefor to, and approval thereof by, this Court pursuant to §§ 330

and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any Local Bankruptcy Rules; and it is further

**ORDERED** that: (i) any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and (ii) upon settlement or other liquidation of any claims being prosecuted by Squire Sanders, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with Orders of this Court and/or the Bankruptcy Code.

NO OBJECTION:

*/s/ Marylou Martin   2/14/12*
UNITED STATES TRUSTEE



Dated: Brooklyn, New York
     February 17, 2012

                                            Elizabeth S. Stong
                                     **United States Bankruptcy Judge**

NEWYORK/147429.2