UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

| | |
|---|---|
| In Re: | E.D.N.Y. Bankr. Case |
| LESSNO, LLC, | No. 09-44979 (ESS) |
|         Debtor. | Involuntary Chapter 7 Proceedings |

------------------------------X

| | |
|---|---|
| Tally M. Wiener, Esq., | E.D.N.Y. Case |
|         Appellant, | No. 13-CV-00831 (JBW) |
| v. | |
| Lessno, LLC, | |
|         Appellee. | |

------------------------------X

**APPELLANT TALLY M. WIENER, ESQ.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF A REVERSAL OF THE DISMISSAL OF THE DEBTOR'S
<u>CHAPTER 7 CASE AND OTHER RELIEF</u>**

Tally M. Wiener, Esq. (the "Appellant"), holder of an allowed administrative expense claim in the Chapter 7 bankruptcy proceedings of Lessno, LLC (the "Debtor" or "Lessno"), submits this reply memorandum of law in further support of her appeal from the order entered on the 14th day of December, 2012 by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), in which the Bankruptcy Court concluded that cause existed for dismissal of the case, and respectfully states as follows:

The Bankruptcy Court dismissed the Chapter 7 proceedings of Lessno, a deeply insolvent company owned and controlled by Neveq,[1] based on the misrepresentation by the Debtor that full payment of all amounts owed to all affected parties would be made by Neveq. Dismissal was ordered - prior to payment being made - despite the fact that the Debtor and Neveq had previously shown contempt for the authority of the Bankruptcy Court and the integrity of the bankruptcy process repeatedly. Dismissal was ordered notwithstanding that the Debtor and Neveq had failed to: attend the meeting of creditors, which was adjourned repeatedly; file schedules, statements, and other documents required of bankrupt companies; comply with court ordered settlement conferences; comply with the rules concerning the filing of sealed documents; or explain these or their other unilateral and unlawful actions. Rather than sanctioning the Debtor, Neveq and their advisors for violating the letter and spirit of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), dismissal was ordered. This appeal followed.

## Facts[2]

On July 6, 2012, the Debtor made a motion seeking entry of an order pursuant to Section 707 of the Bankruptcy Code approving and authorizing (a) the dismissal of the Debtor's Chapter 7 case (the "Case") and (b) procedures with respect to the dismissal and the making of distributions to the Debtor's creditors and the payment of the Chapter 7 administrative expenses in the Case (the "Motion to Dismiss"). In the Motion to Dismiss, Debtor's counsel advised that

---

[1] Except where otherwise indicated, capitalized terms herein have the same meaning ascribed to them in Appellant Tally M. Wiener, Esq.'s Memorandum of Law in Support of a Reversal of the Dismissal of the Debtor's Chapter 7 Case and Other Relief, dated April 4, 2013 (the "Opening Memorandum").

[2] The facts in support of this appeal are set forth in greater detail in the Opening Memorandum and are repeated or supplemented only as necessary to support the arguments made herein.

Neveq had reached a settlement with the petitioning creditors and the Trustee for disposition of the case:

> In summary, the parties have agreed to request that this Court dismiss the bankruptcy case. The outstanding pre-petition claims will be fully paid, as well as professional fees and other expenses incurred since the filing of this bankruptcy petition. *As a result, there will be a full payment of all amounts owed to all affected parties.*

Motion to Dismiss, at 2 (emphasis added).

Based on the foregoing, on July 25, 2012, an Application for allowance of an administrative expense claim was filed by Tally M. Wiener, Esq., an attorney who had bankrupted the Debtor. In the briefing that followed, Michael J. Connolly, counsel for the Debtor, filed a "Letter Brief" dated October 5, 2012, in which he advised -- in stark contrast to the language emphasized above -- that:

> In the motion to dismiss, Lessno's ultimate owner, an entity known as Neveq, agreed to pay in full all of Lessno's remaining unsecured claims and the allowed fees of the Chapter 7 trustee and his counsel. The motion is supported by the Chapter 7 Trustee. However Neveq did not and does not agree (sic) to pay Ms. Wiener's fees.
>
> ****
>
> Given Neveq's refusal to fund if Ms. Wiener's motion is granted, there will be no benefit to the estate, but instead, an unmitigated disaster as this case will be rendered grossly administratively insolvent and the unsecured debtors will receive no distribution whatsoever.

Letter Brief, at 3.

On December 14, 2012, the Bankruptcy Court, entered an order titled Order Dismissing Chapter 7 Case and Marking the Motion to Compel and the Motion to Strike Off the Calendar (the "Dismissal Order") in which it, *inter alia*, granted the Debtor's Motion to Dismiss to the

extent of dismissing the Case for cause pursuant to Section 707(a) of the Bankruptcy Code based on the Debtor's representation in the Motion to Dismiss and on the record that there would be full payment of all amounts owed to all affected parties.

Since entry of the Dismissal Order, the Debtor and Neveq have made no attempt to pay Miss Wiener nor, to her knowledge, any of the Debtor's other creditors or the Trustee and his professionals. They have not disclosed the identities of the Lessno creditors or the amounts owed. The Debtor and Neveq behave as if the court-ordered obligations to honor their promises of payment - which were the basis for dismissal of the Case - have been stayed, although Lessno has neither sought nor was it granted any stay by the Bankruptcy Court or this Court.

Following Miss Wiener's timely appeal to this Court of the Dismissal Order, Lessno filed a separate, and untimely, appeal to this Court of the order awarding Miss Wiener an administrative expense claim, which is pending under file number 13-CV-1518 (NGG) ("Lessno's Appeal"). Miss Wiener has opposed Lessno's Appeal, seeking dismissal due to untimeliness or, in the alternative, to have Lessno's Appeal consolidated with the instant appeal.

## Discussion

### I. The Dismissal Order Should Not Have Been Entered Because Cause Does Not Exist for Dismissal of the Case.

In her Opening Memorandum, which is incorporated by reference herein, Miss Wiener set forth why the Bankruptcy Court erred as a matter of law in concluding that cause existed for ordering dismissal of the Case. Reasons include the ongoing and unexcused failure of the Debtor to comply with the obligations prescribed by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules throughout the pendency of its Chapter 7 proceedings, and noncompliance with Bankruptcy Court orders, including the order requiring a settlement conference. In its memorandum in opposition to that appeal - cryptically styled "Brief of Appellee Lesno [sic],

LLC" - Lessno makes a multitude of mistakes of both fact and law that make it somewhat difficult to decipher. To cite just one example, the first sentence of the second paragraph of the "Statement of the Case" states that "[t]he Petitioning Creditors retained Appellee, Tally M. Weinder, Esq. (the "Appellee"). . . ." Apart from badly misspelling Miss Wiener's name, the more fundamental error is defining her as the "Appellee" when, in fact, she is the Appellant. The confusion is compounded by the fact that Lessno's counsel refers to Miss Wiener as both "Appellee" and "Appellant" throughout its "brief".

Substantively, Lessno's opposition fails to address the numerous arguments raised by Miss Wiener in support of her appeal from the Dismissal Order, instead inexplicably devoting several pages to reproducing the order appealed from in its entirety without addressing the fact that it had advised the court below that:

> Given Neveq's refusal to fund if Ms. Wiener's motion [for an administrative expense] is granted [as it ultimately was], there will be no benefit to the estate, but instead, an unmitigated disaster as this case will be rendered grossly administratively insolvent and the unsecured debtors will receive no distribution whatsoever.

Letter Brief, at 3.

The reason that Lessno refuses to address what it has said is clear: it recognizes that the Bankruptcy Court erred in dismissing the action when confronted with Lessno's refusal to provide payment to Miss Wiener and all other parties in interest in the Case, whose entitlement to payment enjoy a lower priority than hers under the Bankruptcy Code. Accordingly, the Appellant respectfully requests that this Court enter an order vacating the Dismissal Order and remanding the matter to the Bankruptcy Court with instructions not to dismiss until Lessno and/or Neveq have made payment to Miss Wiener in full, which includes payment of interest and collection costs associated with the appeals pending before this Court.

> II. <u>This Court Should Not Consider the Other Issues Raised By Lessno In the Opposition Memorandum Unless and Until the Lessno Appeal is Consolidated With the Instant Appeal.</u>

In combining several arguments in Point II of its argument (another example of the disrespectful sloppiness that Lessno's counsel has shown to courts since Lessno became the subject of an involuntary bankruptcy petition), Lessno states: "The Bankruptcy Court Should Not Have Granted the Claim Motion and Appellant Lacked Standing to Seek Payment of Fees or to Oppose Dismissal of the Case."  Even if these arguments are charitably deemed appropriately presented, they should not be considered by this Court.

Firstly, this is an appeal from the Dismissal Order and challenges to the Administrative Expense Order – from which Lessno did not timely appeal – were not preserved for appellate review.  Secondly, Lessno's attack of the Administrative Expense Order is already before this Court in the context of the separate and untimely Lessno Appeal.  Appellant respectfully requests that, unless and until the Lessno Appeal is consolidated with the instant appeal, this Court refrain from addressing the merits of Lessno's standing argument and the various other issues raised by Lessno in the context of the instant appeal.

> III. <u>Even If This Court Were to Consider the Arguments Purportedly Presented In Point II of the Opposition Memorandum, Those Arguments Should Be Rejected.</u>

While not properly raised here, it is a simple matter to determine that Lessno should not prevail on any of the bundle of half-articulated arguments that it attempts to raise under Point II.

> A. <u>The "Global Resolution" Does Not Preclude Miss Wiener's Recovery of the Administrative Expense ordered by the Bankruptcy Court.</u>

As it did in the Bankruptcy Court, Lessno here seeks to rely on a document it describes as a "Global Resolution" to argue that Miss Wiener was not entitled to the award of an

-6-

administrative expense. The "Global Resolution" was not properly submitted to the Bankruptcy Court and is not part of the record on appeal, nor is the "Global Resolution" included with Lessno's briefing. Consequently, Lessno may not rely on it. Moreover, even were the Court to consider a document characterized by Lessno, but not tendered for review, none of Lessno's arguments based on the "Global Resolution" alter Miss Wiener's right to payment. *See Appellee Tally M. Wiener's Memorandum of Law In Support of Affirmance of the Order Entered By the Honorable United States Bankruptcy Judge Elizabeth S. Stong Awarding Her an Administrative Expense Claim,* filed April 24, 2013, 13-CV-1518 (NGG), at 7-9.

      B. <u>Miss Wiener Had Standing to Raise the Issues That She Raised Before the Bankruptcy Court and Is Pursuing Here.</u>

Lessno next half-heartedly avers that Miss Wiener did not and does not have standing to argue and recover the administrative expense claim or to challenge the Dismissal Order. In making these arguments, Lessno again relies on the same inapposite authority that it presented to the Bankruptcy Court, which that court appropriately rejected. Most significantly, Lessno relies heavily on *In re American Preferred Prescription, Inc.,* 194 B.R. 721 (Bankr. E.D.N.Y. 1996). In so doing, it ignores the myriad differences between that case and this that render any reliance on it absurd. To wit: (1) the administrative expense claim in *American Preferred* was untimely; (2) *American Preferred* was a Chapter 11 case and not at all comparable to the situation here where Miss Wiener's efforts were essential to the progress of the Chapter 7 bankruptcy; (3) in *American Preferred*, the expense seeking counsel's clients were "closely related to the Debtor" whereas here there was no such close relationship; and, finally and most significantly; (5) the *American Preferred* court found that counsel had not made a substantial contribution to the resolution of the bankruptcy whereas here the Bankruptcy Court found just the opposite.

Lessno's counsel, unsurprisingly, does not even make an effort to show that the Bankruptcy Court erred in making that finding, much less that the finding was clearly erroneous. For that reason and those set forth above, Lessno's arguments regarding "standing" and its unexplained contention that Miss Wiener's arguments are "tangential" must be rejected.

> IV. <u>Miss Wiener Should Be Awarded Not Only Interest But Her Legal Fees and Other Associated Costs Necessarily Incurred as a Result of Lessno's Bad Faith Refusal to Comply With the Bankruptcy Court's Order.</u>

In the proceedings before the Bankruptcy Court, Lessno and/or its counsel engaged in a pattern of wrongful and sanctionable conduct. As discussed above, the Bankruptcy Court ordered the parties to meet in person no later than September 28, 2012 and the Debtor, despite repeated entreaties from the Appellant and the flexibility that the Appellant demonstrated regarding scheduling, declined to comply with the order.

The United States District Court for the Eastern District of New York has recently held that sanctions are appropriate when a party disobeys a court's order regarding a settlement conference. *See, e.g., Hamilton v. United States of America*, 10- CV-3367 (ILG) (E.D.N.Y. June 12, 2012). Because the Debtor did not participate in the "face to face" settlement conference by September 28, 2012 as required, sanctions should have been imposed.

The Appellant and associated counsel spent a total of 7.8 hours preparing for the Court-ordered settlement conference including research to update all of the factual assertions and legal conclusions contained in the briefing and discussed at the hearings, research regarding judgments and settlements in similar situations, strategy conferences, etc. Based on the foregoing, the Appellant sought imposition of a sanction in the amount of $3,900. The unopposed request for sanctions having been denied, without any related findings made by the Bankruptcy Court, the

Appellant respectfully requests reversal on this issue.[3]

**WHEREFORE**, based upon the foregoing and the Opening Memorandum, the Appellant respectfully requests a judgment reversing the Bankruptcy Court's: (1) dismissal of the Case; (2) denial of the Appellant's Motion to Compel; (3) denial of the Appellant's Motion to Strike; and (4) denial of the Appellant's request for sanctions.

Dated:  May 2, 2013                          Respectfully submitted,
        New York, NY

                                        Seán P. McGrath, Esq.
                                        Seán P. McGrath, Esq.
                                        Law Offices of Seán P. McGrath, Esq.
                                        305 Lexington Avenue, PH A
                                        New York, NY 10016
                                        (917) 679-6273
                                        spmcgrath4@hotmail.com

---

[3] The Appellant reserves her right to seek imposition of such other and further sanctions on Lessno, Neveq, and their advisors as may be just as proper under the circumstances.